IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID SILVA<br>102 Chestnut Way<br>Manalapan, NJ 07726<br><br>Plaintiff,<br><br>v.<br><br>TRANS AMERICAN TRUCKING<br>SERVICE, INC.<br>115 Saint Nicholas Ave.<br>Plainfield, NJ 07027<br><br>Defendant. | **CIVIL ACTION**<br><br>No.:<br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff, David Silva (hereinafter referred to as "Plaintiff"), by and through his undersigned counsel, hereby avers as follows:

### I. Introduction

1. Plaintiff has initiated this action to redress violations by Defendant of the Fair Labor Standards Act ("FLSA - 29 U.S.C. § 201 *et. seq.*), and applicable state law(s). As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

### II. Jurisdiction and Venue

2. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States. This Court has supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same circumstances and are based upon a common nucleus of operative fact.

3. This Court may properly maintain personal jurisdiction over Defendant because of its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction

in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4. Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendant resides in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

### III.   Parties

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult individual with an address as set forth above.

7. Defendant Trans American Trucking Service, Inc. (*hereinafter* "Defendant") is a trucking and shipping company with a location at the above-captioned address.

8. At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the benefit of Defendant.

### IV.   Factual Background

9. The foregoing paragraphs are incorporated herein as if set forth in full.

10. Plaintiff worked for Defendant from on or about September 26, 2009 through on or about June 11, 2017.

11. Plaintiff specifically worked for Defendant's South Plainfield, NJ location (identified in the above-captioned address).

12. Throughout Plaintiff's tenure with Defendant, Plaintiff was employed as a dispatcher.

13. While employed with Defendant as a dispatcher, Plaintiff did not supervise employees, have the ability to hire or terminate employees, issue checks to employees, evaluate employees, or perform typical supervisory functions.

14. Additionally, while employed with Defendant as a dispatcher, Plaintiff did not make decisions for Defendant concerning matters related to operating the business, such as entering into binding contracts, advertising matters, handling safety issues, reviewing DOT paperwork, or other fiscal matters.

15. For example, if there was an accident with one of Defendant's trucks or if one of Defendant's trucks broke down, those matters would be referred to other individuals within Defendant and the only responsibility Plaintiff would have would be to send out another truck to finish the route.

16. Furthermore, while Plaintiff would be responsible for collecting drivers' paperwork at the end of their route, he was not responsible for reviewing it. Instead, he would place the paperwork in the billing clerk's basket and the billing clerk would handle the paperwork from that point.

17. Plaintiff merely performed routine duties for Defendant on a daily basis and did not exercise any meaningful discretion in the performance of his job.

18. During Plaintiff's employment with Defendant as a dispatcher, Plaintiff was always paid a salary of $1,600.00 per week regardless of how many hours he worked.

19. Plaintiff often worked 10-20 hours of overtime per week when employed with Defendant.

20. For the workweeks that Plaintiff worked overtime (as discussed *supra*), Defendant failed to pay Plaintiff at a rate of time-and-one-half for those overtime hours.

21. While employed with Defendant as a dispatcher, Plaintiff was at all times relevant herein unequivocally a non-exempt employee who should have been paid overtime for all hours worked over 40 hours per week at a rate of time-and-one-half.[1]

22. As a result of Defendant's deliberate failure to pay Plaintiff the overtime compensation due him, Defendant violated the FLSA and New Jersey Wage and Hour law, which caused Plaintiff to suffer damages in the form of unpaid overtime compensation.

## Count I
## Violations of the Fair Labor Standards Act ("FLSA")
### (Failure to Pay Overtime Wages)

23. The foregoing paragraphs are incorporated herein as if set forth in full.

24. At all times relevant herein, Defendant is, and continues to be, an "employer" within the meaning of the FLSA.

25. At all times relevant herein, Plaintiff was an "employee" within the meaning of the FLSA.

26. The FLSA requires covered employers, such as Defendant, to minimally compensate its "non-exempt" employees, such as Plaintiff, at a rate of 1.5 times the employee's regular rate of pay for each overtime hour that the employee works (*i.e.* hours in excess of 40 hours in a workweek).

27. At all times during his employment with Defendant, Plaintiff was a "non-exempt" employee within the meaning of the FLSA.

---

[1] *See Marshall v. National Freight, Inc.*, 1979 U.S. Dist. LEXIS 9989 (D.N.J. 1979)(dispatcher cannot meet executive exemption and held not to meet administrative exemption); *Sehie v. City of Aurora*, 432 F.3d 749 (7th Cir. 2005)(summary judgment for dispatcher as to FLSA claims); *Iaria v. Metro Fuel Oil Corp.*, 2009 U.S. Dist. LEXIS 6844 (E.D. N.Y. 2009); *Alvarez v. Key Transp. Transp. Svc. Corp.*, 541 F. Supp. 2d 1308 (S.D. Fla. 2008); *Cleveland v. City of Los Angeles*, 420 F.3d 981 (9th Cir. 2005)(dispatcher not exempt from overtime requirements).

28. Defendant knew that Plaintiff was a "non-exempt" employee within the meaning of the FLSA.

29. Defendant failed to pay Plaintiff 1.5 times Plaintiff's regular rate of pay for each hour that he worked over 40 each workweek.

30. As a result of Defendant's failure to pay Plaintiff the overtime compensation due him, Defendant violated the FLSA and caused Plaintiff to suffer damages in the form of unpaid overtime compensation.

## Count II
### Violations of the New Jersey Wage & Hour Law(s)
**(Unpaid Overtime Compensation)**

31. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

32. At all times during his employment with Defendant, Plaintiff was a "non-exempt" employee within the meaning of the FLSA.

33. Defendant knew that Plaintiff was a "non-exempt" employee within the meaning of the FLSA.

34. Defendant failed to pay Plaintiff 1.5 times Plaintiff's regular rate of pay for each hour that he worked over 40 each workweek.

35. As a result of Defendant's failure to pay Plaintiff the overtime compensation due him, Defendant violated the NJ Wage and Hour Law(s) and caused Plaintiff to suffer damages in the form of unpaid overtime compensation.

36. These actions as aforesaid constitute violations of the NJ Wage and Hour Law(s).

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to be prohibited from continuing to maintain its illegal policy, practice or custom of unlawfully paying employees and are to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

B. Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings and any other owed compensation. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered legal violations at the hands of Defendant until the date of verdict;

C. Plaintiff is to be awarded liquidated damages, as permitted by applicable law, in an amount determined by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate, including but not limited to, emotional distress and/or pain and suffering damages (where legally permitted);

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to the Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

  G. Plaintiff's claims are to receive trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

                Respectfully submitted,

                **KARPF, KARPF & CERUTTI, P.C.**

        By: _____
                Ari Karpf, Esq.
                3331 Street Road
                Two Greenwood Square
                Suite 128
                Bensalem, PA 19020
                (215) 639-0801

Dated: October 10, 2018